**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4812**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

BALLARDO SOLAN GARCIA, a/k/a Bayardo Solano Garcia,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:13-cr-00240-TDS-1)

_____

Submitted: June 26, 2014          Decided: July 1, 2014

_____

Before WILKINSON, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant. Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ballardo Solan Garcia pled guilty, pursuant to a written plea agreement, to being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2012), and was sentenced to ten months of imprisonment. On appeal, Garcia's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 when it accepted Garcia's guilty plea and the reasonableness of Garcia's sentence. Although informed of his right to file a supplemental pro se brief, Garcia has not done so. For the reasons that follow, we affirm.

We conclude, based on our review of the transcript of Garcia's guilty plea hearing, that the district court fully complied with Rule 11 in accepting Garcia's guilty plea. The court ensured that Garcia understood the charges against him and the potential sentence he faced, that he entered his plea knowingly and voluntarily, and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we affirm Garcia's conviction.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S.

2

38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, this court must assess whether the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49–50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). We also must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we presume on appeal that the sentence is reasonable. See Rita v. United States, 551 U.S. 338, 346–56 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

Here, the district court correctly calculated and considered the advisory Guidelines range and heard argument from counsel and allocution from Garcia. The court considered the relevant § 3553(a) factors and explained that the within-Guidelines sentence was warranted in light of the nature and circumstances of the offense. Further, Garcia offers no grounds to rebut the presumption on appeal that his within-Guidelines

3

sentence of ten months' imprisonment is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Garcia.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Garcia, in writing, of the right to petition the Supreme Court of the United States for further review. If Garcia requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Garcia. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED